IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

**JANE ROE # 1**, an individual
**JANE ROE # 2**, an individual

       Plaintiffs,
v.

**CARLOS MINGUELA**, a former Deputy with the Teller County Sheriff's Department, in his individual capacity
**JANE DOE #1**, an officer of the Teller County Sheriff's Department, in her individual capacity
**JOHN DOE #1**, an officer of the Teller County Sheriff's Department, in his individual capacity
**MIKE ENSMINGER**, Sheriff of Teller County, in his official capacity
**JOHN DOE # 2**, an employee of the Teller County Sheriff's Department, in his individual and official capacities
**JOHN DOE #3**, an employee of the Teller County Sheriff's Department, in his individual capacity
**BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF TELLER, COLORADO**

       Defendants.

---

### MOTION TO FILE UNDER SEAL AND REQUEST TO PROCEED USING PSEUDONYMS

---

Plaintiffs, Jane Roe # 1 and Jane Roe # 2, by and through their counsel, hereby submit their Motion to File Under Seal and Request to Proceed Using Pseudonyms. As grounds therefor, the Plaintiffs state and allege as follows:

**D.C. COLO. LCivR 7.1 Certificate of Conferral**: Plaintiffs have conferred with counsel for Defendants regarding moving forward under a pseudonym. Counsel for Defendants has indicated that Defendants oppose the relief requested through this motion.

## INTRODUCTION

Plaintiffs, Jane Roe # 1 and Jane Roe # 2, both residents of the Teller County Jail, were victims of severe sexual misconduct committed by former Teller County Deputy Carlos Minguela. Jane Roe # 1 was sexually assaulted by Minguela, while Jane Roe # 2 was the victim of pervasive sexual harassment. Plaintiffs have alleged violations of their constitutional and federal statutory rights, as well as their rights under state law. Plaintiffs Complaint contains detailed factual allegations concerning Minguela's misconduct and the role that the various Defendants played in facilitating it. Plaintiffs incorporate the allegations in their Complaint by reference.

Minguela was arrested in December 2015 and charged with multiple criminal offenses in connection with his conduct toward Jane Roe # 1. Minguela's arrest was the subject of considerable media attention.

Because of the highly sensitive and personal nature of the allegations and the potential that the commencement of this action will generate significant media interest, Plaintiffs request that this Court grant leave for them to file their Complaint under seal. Plaintiffs further request that this Court issue an Order requiring all parties to utilize pseudonyms in all future pleadings in lieu of referring to Plaintiffs by their actual names. Finally, Plaintiffs request that this Court issue a protective order (a) prohibiting Defendants and their agents from disclosing, at any time, the identity of any plaintiff to any third party other than may be necessary to defend against this

action; and (b) prohibiting such informed third parties from disclosing the identity of any Plaintiff for any purpose. **Counsel for Defendants has been informed of Plaintiffs' true identities**, and Plaintiffs therefore maintain that Defendants will suffer no prejudice if this Court grants the relief requested through this motion.

## ARGUMENT

This Court should permit Plaintiffs to file their Complaint under seal and proceed using pseudonyms because Plaintiffs' interest in withholding their identities and intimate details of their private lives outweighs the public's interest in disclosure. Although F.R.C.P. 10(a) generally requires that each party to a lawsuit be named in the complaint, this court has discretion to require the parties in this case to depart from the usual rule of full disclosure and proceed using pseudonyms in lieu of Plaintiffs' actual names. *See M.M. v. Zavaras*, 139 F.3d 798, 802 (10th Cir. 1998). Specifically, this Court should order Plaintiffs' identities withheld where there is an important privacy interest at stake. *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979). The ultimate test is whether the Plaintiffs have substantial privacy rights that outweigh the presumption of openness in judicial proceedings. *See Doe v. Heil*, No. 08-cv-02342-WYD-CBS, 2008 U.S. Dist. LEXIS 94551, at *6 (D. Colo. 2008) (quoting *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)). Other factors that this Court may consider include:

> [W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)).

Additionally, D.C.COLO.LCivR 7.2 authorizes this Court to issue an order requiring that a particular pleading be sealed from public disclosure. D.C.COLO.LCivR 7.2(c) states:

**(c) Motion to Restrict.** A motion to restrict public access shall be open to public inspection and must:
(1) identify the document or the proceeding for which restriction is sought;
(2) address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction);
(3) identify a clearly defined and serious injury that would result if access is not restricted;
(4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and
(5) identify the level of restriction sought.

In this case, the above factors weigh heavily in favor of (a) allowing Plaintiffs leave to file their Complaint under seal, and (b) requiring the parties to refer to Plaintiffs by pseudonyms in all future pleadings. First, this case concerns allegations of sexual misconduct, including sexual assault, perpetrated against Plaintiffs. These matters are inherently private and extraordinarily sensitive.

Second, Plaintiffs have a strong interest in keeping the proceedings private and protecting their identities from public disclosure. Neither of the Plaintiffs has been publicly identified to date, and disclosure of their identities at this juncture would cause them considerable distress and emotional hardship. In light of the considerable media attention surrounding Minguela's arrest and subsequent prosecution, exposure of Plaintiffs' identities would likely lead to substantial media exposure and publicity, which would exacerbate the shame and humiliation that Plaintiffs have already suffered as a result of Defendant Minguela's misconduct. Plaintiffs therefore have a

considerable privacy interest in preventing their identities from being disclosed publicly during this proceeding.

By contrast, the public's interest in learning the identity of the Plaintiffs is minimal, at best. Admittedly, the public has a weighty interest in knowing the identities of the Defendants in this case, all of whom were employees of Teller County at the time of Defendant Minguela's unlawful conduct, and all of whom are alleged to have enabled and facilitated such conduct in some way. However, the public's right to know about mismanagement and misconduct within Teller County does not necessitate the disclosure of the victims' identities in this case. The public will have ample opportunity to learn about these Defendants' actions and failures to act whether or not Plaintiffs' identities are made public. Moreover, Defendants will suffer no prejudice if the requested relief is granted, since Defendants will be afforded access to all information necessary to mount a defense on the merits.

Third, the potential for serious injury to Plaintiffs is substantial. As noted above, the case involves highly sensitive allegations concerning extremely private matters. Plaintiffs are very likely to suffer considerable social stigma and emotional trauma if their identities are revealed. *See Doe v. Del Rio*, 241 F.R.D. 154, 158 (S.D.N.Y. 2006) ("Where litigants risk public scorn or even retaliation if their identities are made public, unpopular but valid complaints may not be pursued. The value of open proceedings disappears when there are no proceedings to be had.") (citation omitted).

Finally, there is no less intrusive method available to prevent the injury that Plaintiffs are likely to suffer if this Court denies their Motion and allows Plaintiffs' identities to be disclosed. The only feasible way to prevent Plaintiffs' identities from circulating widely is to permit them

to file their Complaint under seal, require the parties to refer to the Plaintiffs using pseudonyms, and to order all parties to the litigation to refrain from disclosing Plaintiffs' names. Any other alternative will result in the disclosure of Plaintiffs' identities, and will likely lead to the very harm that the relief requested in this Motion is designed to prevent.

## CONCLUSION

For the foregoing reasons, this Court should grant Plaintiffs' Motion to File Under Seal and Request to Proceed Using Pseudonyms. Specifically, this Court should (a) allow Plaintiffs to file their Complaint under seal, (b) require all parties to refer to Plaintiffs using pseudonyms in all future pleadings in this case, (c) prohibit Defendants and their agents from disclosing, at any time, the identity of any plaintiff to any third party other than may be necessary to defend against this action; and (d) prohibit such informed third parties from disclosing the identity of any Plaintiff for any purpose.

RESPECTFULLY SUBMITTED this 8th day of November, 2016.

*/s/ John F. Poor*

John F. Poor
Heideman Poor LLC
695 South Colorado Blvd., Suite 480
Denver, Colorado 80246