IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02744-MSK-KMT **\*SEALED\***

JANE ROE #1, an individual,
JANE ROE #2, an individual,

      Plaintiff(s),

v.

CARLOS MINGUELA, a former Deputy with the Teller County Sheriff's Department, in his individual capacity,
MIKE ENSMINGER, former Sheriff of Teller County, in his official capacity,
JASON MIKESELL, former Commander and current Sheriff of Teller County, in his individual and official capacities,
ELIZABETH ROBINSON, a corporal of the Teller County Sheriff's Department, in her individual capacity,
TYLER TURNER, an officer of the Teller County Sheriff's Department, in his individual capacity,
DAVID SLOAN, an officer of the Teller County Sheriff's Department, in his individual capacity,
PATRICK BAST, an officer of the Teller County Sheriff's Department, in his individual capacity,
STEVE DAVIDSON, an officer of the Teller County Sheriff's Department, in his individual capacity,
JACLYN GAFFNEY, an officer of the Teller County Sheriff's Department, in her individual capacity,
BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF TELLER, COLORADO,

      Defendant(s).

---

**DEFENDANTS ENSMINGER, MIKESELL, ROBINSON, TURNER, SLOAN, BAST, DAVIDSON, GAFFNEY, AND BOCC'S MOTION TO CONSOLIDATE**

---

Defendant Steve Davidson, by and through his counsel, Josh A. Marks and David J. Goldfarb of Berg Hill Greenleaf Ruscitti LLP, Defendants Mike Ensminger, Jason Miksell, Elizabeth Robinson, David Sloan, Patrick Bast, Jaclyn Gaffney, and the Board of County

Commissioners of the County of Teller, Colorado, by and through their counsel Jeffrey L. Driscoll of Williams, Turner & Holmes, P.C., and Defendant Tyler Turner, by and through his counsel, Leslie L. Schluter of Dagner Schluter Mitzner Werber LLC (collectively, "Defendants"), respectfully move this Court to consolidate Civil Action No. 17-cv-02901-WYD-KLM ("*Teller County II*") into the present action ("*Teller County I*") as follows: [1]

## I.     INTRODUCTION

1.      The claims in *Teller County I* and *Teller County II* center on allegations of sexual assault and misconduct by Dpty. Carlos Minguela at the Teller County Detention Center (the "Jail") in December 2015.  [*See Teller County I*, First Amended Complaint, #53, ¶¶ 13, 29, and 35; *see also Teller County II*, Complaint, #1, ¶ 19.]  Both cases share the exact same defendants.  And the Plaintiffs (Jane Roe #1 and #2 in *Teller County I* and Jane Roe in *Teller County II*) are all pursuing the same theories for relief for violations of their Equal Protection, Due Process, and Fourteenth/Eighth Amendment rights.  Plaintiffs' claims share numerous factual similarities, and in many respects, are factually intertwined.  Because *Teller County I* and *II* involve the same parties, facts, and seek answers to the same legal questions about constitutional liability; consolidation is appropriate and promotes efficiency, both for the Court and the parties.

## II.     ARGUMENT

2.      Rule 42(a) of the Federal Rules of Civil Procedure provides that, "[i]f actions before the court involve a common question of law or fact, the court may ... consolidate the actions."  Pursuant to Local Rule 42.1, the judge assigned to the lowest numbered case decides

---

[1] **D.C.COLO.LCivR 7.1A Certificate of Conferral:**  The undersigned conferred with counsel for Plaintiffs, John Poor, who indicated that his clients oppose the relief requested herein. Defendant Minguela does not object to consolidating these cases.

whether consolidation is warranted.   D.C.COLO.LCivR 42.1.   The trial court enjoys broad

discretion to order consolidation of cases.   *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir.

1978).  The Court should consider both judicial economy and fairness to the parties in exercising

its discretion under Rule 42(a). *See Crocs, Inc. v. Effervescent, Inc.,* No. 06-CV-00605-PAB-

KMT, 2017 WL 3908110, at *1 (D. Colo. Jan. 27, 2017).

3. Common questions of fact predominate in both cases.  In *Teller County I*, Jane

Roe #1 and #2 aver that Dpty. Minguela sexually assaulted Jane Roe #1 in her jail cell and

regularly observed Jane Roe #2 while she showered.  [*Teller County I*, #53, ¶¶ 29 and 35-37.]  In

*Teller County II*, Jane Roe claims Dpty. Minguela "pursued sexual contact" with her,

culminating in his forcibly kissing Jane Roe at some unknown point during her period of

incarceration at the Jail.  [*Teller County II*, #1, ¶¶ 19-24.]  All three Plaintiffs were incarcerated

together at the Boulder County Jail and transferred to the Jail at the same time.  [*Teller County I*,

#53, ¶¶ 12, 13; *Teller County II*, #1, ¶¶ 11, 12.]  Plaintiffs all allege a similar factual pattern of

predatory conduct by Dpty. Minguela – watching female inmates in states of undress and

attempting to leverage his position of authority as a jail deputy for his own sexual gratification

(*Teller County I*, #53, ¶ 14; *Teller County II*, #1, ¶ 13) – and that Defendants should have known

Dpty. Minguela's act of watching female inmates was enough to put them on notice that he

intended to commit acts of sexual assault, (*Teller County I*, #53, ¶ 43; *Teller County II*, #1, ¶ 29).

4. Next, both cases share common questions of law since Jane Roe, Jane Roe #1,

and Jane Roe #2 have all asserted the same legal claims against the same set of defendants.

Specifically, all three plaintiffs assert the exact same violations of their Equal Protection, Due

Process, Eight and Fourteenth Amendment Rights, as well as violations of 42 U.S.C. § 1983 for

"Failure to Investigate and Report," "Failure to Protect," and "Failure to Supervise and Train." [*Teller County I*, #53, First-Fourth Claims for Relief, pp. 11-15; *Teller County II*, #1, First-Fourth Claims for Relief, pp. 10-14]  Defendants, in *Teller County I*, filed motions to dismiss asserting qualified immunity and that Jane Roe #1 and #2 failed to state viable legal claims.  [*See Teller County I*, ## 72, 73, 75, 76.]  Because the factual allegations in Jane Roe's *Teller County II* are nearly identical to those in *Teller County I*, Defendants are filing the same motions to dismiss in that case.   Both cases must now resolve whether the facts in both complaints sufficiently allege any constitutional violation and whether, as a matter of clearly established law, Defendants had a duty to prevent Dpty. Minguela from assaulting any female inmate solely based on their alleged knowledge that he observed female inmate undress or shower or that such conduct deprived Plaintiffs of their equal protection and due process rights.  If the Court were to answer the clearly established law question in the negative, the claims against the individual Defendants must be dismissed and will have a significant impact on Plaintiffs' entity liability claims.  Consolidating these two cases thus promotes consistency and efficiency in briefing and resolving the shared legal issues which these motions present.

5.       Consolidation promotes efficiency when these cases proceed into discovery.[2] Following Plaintiffs' reports of mistreatment at the Jail, the Boulder County Sheriff's Office interviewed witnesses and investigated their claims.  Similarly, Teller County conducted its own investigation into these allegations.  As a result, non-party depositions in both cases will focus on the same investigators, and if they can be located, the same inmates who were incarcerated at the Jail in December 2015 with Plaintiffs and party depositions will all be the same.  Further, Jane

---

[2] No matter the outcome of the pending motions to dismiss, Dpty. Minguela will remain as a defendant, meaning there will be discovery on Plaintiffs' claims.

Roe will be a witness in *Teller County I* since she claims Dpty. Minguela told her about his sexual contact with Jane Roe #1 (*Teller County II*, #1, ¶ 23), and Jane Roe #1 and #2 will likely be fact witnesses in *Teller County II* as a result of their interactions with Dpty. Minguela and the other defendants.  Because discovery in both cases will likely focus on similar individuals, consolidation of these two cases will assist all the parties in streamlining discovery, making for more efficient prosecution and defense of these claims, and reduce the parties' respective litigation costs.

6.    Both cases are also on a parallel procedural track.  This Court stayed *Teller County I* pending resolution of Defendants' motions to dismiss.  [*See Teller County I*, Order Granting Motion to Stay, # 96.]  As alluded to above, Defendants will file motions to dismiss and a motion to stay discovery pending resolution of the dispositive motions in *Teller County II* on April 27, 2018.  In an effort to cure any delay which may result from the filing of this second set of motions to dismiss, Defendants are open to an expedited briefing schedule, especially because the pleading and legal deficiencies Defendants raised in the *Teller County II* motions are the same as those discussed in the *Teller County I* motions.

7.    Finally, the parties in *Teller County I* and *II* are represented by the same counsel. Mr. Poor represents all three plaintiffs, Mr. Driscoll represents Mike Ensminger, Jason Miksell, Elizabeth Robinson, David Sloan, Patrick Bast, Jaclyn Gaffney, and the Board of County Commissioners of the County of Teller, Colorado, Ms. Schluter represents Tyler Turner, and Mr. Marks and Mr. Goldfarb represent Steve Davidson.

WHEREFORE, for the above reasons, Defendants respectfully request this Court to consolidate *Teller County II* into this case, and grant any further relief the Court deems appropriate.

Respectfully submitted this 27th day of April, 2018.

BERG HILL GREENLEAF RUSCITTI LLP

*s/ David J. Goldfarb*

_____

Josh A. Marks
David J. Goldfarb
1712 Pearl Street
Boulder, CO 80302
Phone: (303) 402-1600
Fax: (303) 402-1601
Email:  jam@bhgrlaw.com
        djg@bhgrlaw.com
*Attorneys for Defendant Steve Davidson*

DAGNER SCHLUTER MITZNER WERBER LLC

*s/ Leslie L. Schluter*

_____

Leslie L. Schluter
5105 DTC Parkway, Suite 250
Greenwood Village, CO 80111
Phone: (303) 221-4661
Fax: (303) 221-4594
Email:  lschluter@lawincolorado.com
*Attorneys for Defendant Tyler Turner*

WILLIAMS, TURNER & HOLMES, P.C.

*s/ Jeffrey L. Driscoll*

_____

Jeffrey L. Driscoll
744 Horizon Court, Suite 115
Grand Junction, CO 81506
Phone: (970) 242-6262
Fax: (970) 241-3026
Email:  jdriscoll@wth-law.com

*Attorneys for Defendants Mike Ensminger, Jason Mikesell, Elizabeth Robinson, David Sloan, Patrick Bast, Jaclyn Gaffney, and the BOCC*

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of April, 2018, I electronically filed the foregoing **DEFENDANTS' ENSMINGER, MIKESELL, ROBINSON, TURNER, SLOAN, BAST, DAVIDSON, GAFFNEY, AND BOCC'S MOTION TO CONSOLIDATE** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

John F. Poor
Heideman Poor LLC
695 South Colorado Blvd., Suite 480
Denver, Colorado 80246
john@heidemanlaw.net
*Attorney for Plaintiffs*

Jeffrey L. Driscoll
Williams, Turner & Holmes, P.C.
744 Horizon Court, Suite 115
Grand Junction, CO 81506
jdriscoll@wth-law.com
*Attorneys for Defendants Mike
Ensminger, Jason Miksell, Elizabeth
Robinson, David Sloan, Patrick Bast,
Jaclyn Gaffney, and the BOCC*

Leslie L. Schluter
Dagner Schluter Mitzner Werber LLC
5105 DTC Parkway, Suite 250
Greenwood Village, CO 80111
lschluter@lawincolorado.com
*Attorneys for Defendant Tyler Turner*

In addition, the following party, appearing *pro se*, has been served via U.S. Mail on the date of filing:

Carlos Minguela
710 Drew Drive
Colorado Springs, CO 80911

*s/ Cheryl Stasiak*

_____
Cheryl Stasiak

7